## Watson, &c. vs. McGuire.

Case 5.

### APPEAL FROM FAYETTE CIRCUIT.

ORD. PET.

1. It is the duty of every man so to use his own property as not to injure that of another. And when one is charged with a violation of this rule, the inquiry is whether the defendant has failed to use that skill and precaution which a prudent and skillful man would have done in the use of his own property. Not that care which the law would require of defendants, if they had been in possession of plaintiff's boats as bailees.

2. A bailee is regarded as holding the possession for a special purpose, and a contract express or implied exists upon his part to perform the object or purpose of the trust.

WATSON, &c.
    vs.
McGUIRE.

[The facts of the case are stated in the opinion of the court.—REP.]

No brief on file for appellants.

*Robinson & Johnson* for appellees—

Argued—1. That the court did not err in its instruction to the jury in fixing the criterion of negligence which would render the appellants responsible for the loss of the coal boats. That criterion, as fixed by the court, was the want of that precaution in passing the coal boats as persons of ordinary care and skill would take to prevent loss of *their own property.* The appellants do not object to any portion of the instruction except the words "of their own property." They contend that in bailments alone, is that criterion to be observed.

In bailments there are three degrees of negligence applicable to the three classes of bailments. One for bailments beneficial to the bailor, another beneficial alone to the bailee, and the third beneficial to both. In the last kind, ordinary care of an ordinarily prudent man is required, and the want of such care creates responsible negligence. The bailment to which this applies is one in which both parties stand on an equal footing, and where the contract being of mutual advantage, places each on the same footing of common rights, with no advantage to one over the other. This is the proper criterion applicable to this case, in which each had an equal right to navigate the stream with their vessels. The appellants insist that liability arises only upon the lack of such care and skill as persons of ordinary prudence and skill should use in regard *to other peoples property* instead *of their own.*

The appellants contend that in the last instruction given the court fixes the correct standard of care and skill to be observed by managers of steamboats too high, which is only such care and skill "as former experience had shown to be usually sufficient to pass the

coal boats without damage." The standard is sufficiently high. Certainly no man of ordinary prudence would be expected to take more care than experience had proved to be requisite for safety, and is just as high as that fixed in the instruction given by the court.

*C. F. Burnham* on the same side—

According to the testimony, the coal boats were good boats, not overloaded, well manned by skillful craftsmen, which had passed safely through all the perils of the upper river to a point within twelve miles of Frankfort, when in slack water, with the wind bearing down stream, in open river, they came in full view of the steamer at about half a mile distant. The steamboat did not slacken her steam until within seventy-five or eighty yards of the flat boats, and the flat boats were sunk by the waves from the steamboat, and the four men on the flat boats with difficulty saved their lives by swimming to shore on their oars.

The question of liability depends upon the ,fact whether those conducting the steamboat used that care and diligence which the law required in conducting that boat. In the case of *Inman vs. Funk*, 7 B. Monroe, 538, this court said: "It is the duty of those conducting boats in navigable streams to use all reasonable care and effort to avoid damage to, or collision with other boats, whether they be weaker or stronger. The weakness of the boat injured by collision, when there is a want of due care, will afford no protection to the defendant, but require increased care." Though in this case there was no actual collision, the coal boats were perfectly at the mercy of the steamboat, and known to be so by the pilots and officers of the steamer. Should the steamboat then not have been required to slacken her speed at such distance as would prevent injury to the weaker craft? Such was the duty of those conducting the steamer. They were bound to take the same care to prevent loss or damage as a man of ordinary

prudence would take in the management of his own property. If both parties were in fault the law would admit no recovery as ruled in *Broadwell vs. Swigert*, 7 *B. Monroe*, 42. Such was not the case here. The coal boats could do nothing. They were sunk by the negligence of the managers of the steamboat. The court ruled the law correctly, and the verdict is sustained by the proof.

Judge STITES delivered the opinion of the court.

This was an action brought by the appellees against the appellants as owners of the steamer Blue Wing, to recover the value of two boats laden with coal, alledged to have been sunk and destroyed by the carelessness and neglect of the officers and crew of the steamer in passing the coal boats in the Kentucky river. The material allegations of the petition were denied by the answer, and on the trial below, upon the evidence, under the instructions of the circuit court, the appellees obtained a verdict for the value of the boats and cargoes. A new trial having been asked for and refused, the appellants have brought the case up.

A reversal is urged upon two grounds. 1st. That the circuit court erred to appellants' prejudice in refusing instructions asked for by them, and likewise in granting instructions to which they objected. 2d. That the verdict was unauthorized by the evidence.

The evidence in reference to the amount of care and precaution used by the steamer in meeting and passing the coal boats, and the immediate and proximate cause of their destruction, was, as usual in such cases, contradictory. The witnesses, on either side, varying considerably in their opinions and statements.

Several instructions were moved by appellee and appellants, which were all refused, and the court, in lieu thereof, gave the following:

"If the jury find from the evidence that the plaintiff's coal boats were sunk by the waves of the steamboat of defendants, without any fault or negligence

on the part of plaintiffs or those having the conduct of them, but in consequence of the neglect of the defendants, their agents or servants, to use such precautions and care in passing the plaintiff's boats, as persons of ordinary care and skill would take in preventing a loss of ther own property, they should find for the plaintiff the value of the coal and boats so lost."

"But if the jury find that the negligence, want of skill, or mismanagement of the plaintiffs, or those having the conduct of their coal boats, contributed to their loss; or if they find, without such want of skill, mismanagement of the plaintiffs, or those having the conduct of their coal boats, that the defendants, or their servants, took such ordinary precaution and care, in passing the plaintiff's boats, as persons of ordinary care and skill would take in preventing the loss of their own property, they should find for defendants."

"If the plaintiff's boats were loaded heavier than was customary for coal boats navigating the Kentucky river, and this fact was known to the servants of defendants managing the steamer as they approached the coal boats, it imposed upon them such additional precaution and care in passing the coal boats as ordinarily prudent men would have taken to preserve their own property from loss."

"But if the managers of the steamboat did not know that the coal boats were loaded heavier than usual, then they were only bound to observe such precautions and care as former experience had shown would reasonably be sufficient to pass the coal boats without damage to them."

The chief objection taken against the foregoing instructions, and which, in our opinion, is well founded, is that a criterion of negligence is therein prescribed, not applicable to such cases, and which should not be enforced against the appellants.

This is an action *ex delicto* for damage alledged to have resulted, as plaintiffs aver, without fault of

1. It is the duty of every man so to use his

WATSON, &c.
vs.
McGUIRE.

own property as not to injure that of another. And when one is charged with a violation of this rule, the inquiry is whether the defendant has failed to use that skill and precaution which a prudent and skillful man would have done in the use of his own property. Not that care which the law would require of defendants, if they had been in possession of plaintiff's boats as bailees.

theirs, from "the careless, negligent, and reckless manner in which the steamer was navigated by the captain, pilot, and crew, &c." The criterion of negligence, to test the liability of a party in such cases, is materially different from that laid down in bailments, and has been well defined.

When a man so uses even his own property carelessly and negligently, without a reasonable degree of caution and care not to injure others in cases where injury may ensue, he is responsible for the consequences. This character of negligence is deemed a violation of that obligation which demands care and prudence in the use of our own property. *Sic utere tuo ut alienum non laedus.* In such cases the property used is in the owner's possession and control, and not in that of another, and the criterion prescribed is, whether the party complained of has observed such care and precaution in the use of his property, to avoid injury to that of another, as a prudent and skillful man under like circumstances would have done. (*Broom's Legal Maxims,* 168.) The court in the instructions has applied the criterion of negligence laid down in cases of bailment, and has exacted from the appellants that care and precaution in reference to the coal boats that the law would have demanded had they had the possession and control of them.

2. A bailee is regarded as holding the possession for a special purpose, and a contract express or implied exists upon his part to perform the object or purpose of the trust.

The criterion of such care and precaution as men of ordinary care and skill would exercise *in the preservation of their own property,* is applied in bailments of a particular character, because the property to be preserved is in the possession and control of the bailee, and, as in all bailments, is regarded as having been delivered to him in trust for some special object or purpose, and a contract, express or implied, exists on his part to conform to the object or purpose of the trust. The bailee has the lawful possession of the property, and is responsible, according to the character of the bailment, for due care and caution in its preservation. Here each party is in possession

WATSON, &c.
vs.
McGuire.

of his own property, and although required, in its use, to observe such care and precaution in reference to the property of the other as ordinarily prudent and skillful men, under like circumstances, would observe, are not held to the same degree of care and precaution that they would be as bailees having the control and possession of another's property. The relation of trustee which exists in bailments is wanting; each party has the care of his own property, and the law does not hold one responsible to the other for injury resulting from the use of his property, provided in that use he exercises such care and precaution as ordinarily prudent and skillful men under like circumstances take.

If, in this case, without fault of those in charge of the coal boats, the officers of the steamer, in meeting and passing the coal boats, so navigated and conducted the steamer, without that degree of care and precaution, in reference to the safety of the coal boats, that ordinarily prudent and skillful men under like circumstances would and should have observed, and, in consequence thereof, the coal boats were sunk, the liability of the owners of the steamer for the value of the coal boats and their cargoes at once attached.

The criterion of negligence laid down in the instructions complained of being different from this, in our opinion, renders them erroneous.

With regard to the instructions asked for by the defendants below, requiring the jury to be satisfied that it was the swell alone that caused the sinking of the coal boats, and precluding them from finding against the plaintiffs if it was even doubtful whether such sinking was thus caused, they were properly refused as misleading and erroneous. Nor was there, in our opinion, any sufficient evidence to authorize the last instruction of the appellants in reference to the construction of the flat boats, if the instruction were otherwise unobjectionable, and it was also properly refused.

DAVENPORT
vs.
M'CAMPBELL,
and
GREEN
vs.
M'CAMPBELL.

Inasmuch as the judgment must be reversed for the error indicated, it is not deemed necessary to notice the objection that the evidence was insufficient to uphold the verdict.

The judgment is *reversed*, and cause remanded for a new trial and other proceedings in conformity with this opinion.